# IN THE COURT OF APPEALS OF IOWA

No. 21-0842
Filed November 23, 2021

**IN THE INTEREST OF E.E.,**
**Minor Child,**

**C.E., Mother,**
 Appellant.

_____


 Appeal from the Iowa District Court for Polk County, Kimberly S. Ayotte,

District Associate Judge.


 A mother appeals the termination of her parental rights to her child.

**AFFIRMED**.


 Jeremy M. Evans of Carr Law Firm, P.L.C., Des Moines, for appellant

mother.

 Thomas J. Miller, Attorney General and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

 Will Sales III of Sales Law Firm, P.C., Des Moines, attorney and guardian

ad litem for minor child.


 Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

A mother with substance-abuse, mental-health, dysfunctional-relationship, and stability issues appeals the juvenile court's ruling terminating her parental rights to her child.[1]  Following our de novo review,[2] we find no error and affirm the juvenile court's ruling.

The child tested positive for methamphetamine at birth.  The mother admitted regular methamphetamine use during the pregnancy.  As a result, the child was removed from the mother's care, placed with a foster family upon discharge from the hospital, and adjudicated as a child in need of assistance.  The child remains in foster care and has never been returned to the mother's care.

The mother has an extensive history of substance abuse.  That history has contributed to the mother's parental rights to five other children being terminated prior to the current proceedings.  In this current matter, the Iowa Department of Human Services (DHS) identified several areas in which the mother needed to work to be able to safely parent the child: mental health, substance abuse, domestic violence, suitable housing, and income.  The mother appeared to follow DHS requirements to work towards reunification for several months.  Unfortunately, the mother relapsed, testing positive for methamphetamine, THC, and alcohol.  After three positive drug screens, she stopped providing samples and

---

[1] Paternity was never established despite efforts to do so.  The rights of any putative father were terminated, and no one has appealed that ruling.

[2] "We review proceedings terminating parental rights de novo."  *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018) (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *A.M.*, 843 N.W.2d at 110).

ceased working with her treatment providers.[3] She also stopped pursuing mental-health services.

In addition to her substance-abuse and mental-health issues, the mother has a history of relationships fraught with domestic violence. Despite being offered domestic-violence services, the mother remained entangled in a relationship with a currently incarcerated sexual offender, A.J., for the duration of court involvement. Understandably, the court was concerned with this relationship, and service providers worked with the mother to end the relationship safely. While the mother told providers the relationship had ended, hundreds of phone calls and emails between the mother and A.J. revealed that the relationship was ongoing and serious. The mother made clear in her messages that she intended to live with A.J. upon his release from incarceration. Service providers noted concerns regarding the mother's inability to identify why this relationship would be dangerous for her child.

As for stability, the mother remained homeless throughout the history of the case. She bounced from place to place, and she refused to reveal to service providers and the court the identity of the man with whom she is currently living. She also openly refused several of the resources suggested by service providers to obtain steady and safe housing. While the mother maintained employment at a fast food restaurant for a large portion of the period of court involvement and even obtained a second job at one point, she was still unable to obtain housing or save

---

[3] The mother's relapse was so significant that the juvenile court noted she appeared to be under the influence of drugs during the termination hearing and she had a concerning change in appearance.

money. Instead, she chose to put thousands of dollars into A.J.'s account at the institution where he is incarcerated.

As a result of the mother's lack of progress, the State filed termination-of-parental-rights proceedings. Following a hearing, the juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(g) and (h) (2021). The mother's only challenge on appeal is to the juvenile court's finding that the statutory grounds for termination were established.[4]

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We choose to focus on paragraph (h), which permits termination of parental rights if the State proves these four elements by clear and convincing evidence:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

---

[4] In her petition on appeal, the mother makes a passing reference to a request for additional time to allow for reunification. It reads: "Therefore, the district court erred when it terminated the Mother's parental rights under § 232.116(1)(h) instead of entering an order returning the child to the Mother's care or alternatively, granting the Mother additional time to continue working through the recommended services and treatment." This passing reference to additional time is insufficient to advance the issue on appeal, so we deem the issue waived. *See In re I.B.*, No. 21-0564, 2021 WL 3076298, at *1 n.1 (Iowa Ct. App. July 21, 2021) (refusing to address issues for which no authority is cited and no argument is made).

Iowa Code § 232.116(1)(h). The mother challenges only the juvenile court's finding on the fourth element.

On our de novo review, we agree with the juvenile court and find there is clear and convincing evidence the child could not be returned to the mother's custody at the time of the termination hearing[5] and thus termination was appropriate. The mother's unchecked substance-abuse, mental-health, dysfunctional-relationship, and instability issues prevent the child from being safely returned to her care. *See A.B.*, 815 N.W.2d at 776 ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."); *In re D.H.*, No. 18-1552, 2019 WL 156668, at *2 (Iowa Ct. App. Jan. 9, 2019) (collecting cases and finding failure to meaningfully address mental-health issues to be a valid basis for terminating parental rights); *In re M.W.*, 876 N.W.2d 212, 223 (Iowa 2012) (finding continued dysfunctional relationships as a basis for finding a child cannot be returned to a parent's care); *In re L.B.*, No. 18-1017, 2018 WL 3650370, at *1 (Iowa Ct. App. Aug. 1, 2018) (finding a parent's "economic instability and concomitant inability to meet the most basic needs of her children" to be a basis for terminating parental rights). The mother does not have a suitable place to live for herself, let alone for a young child. She also has plans to live with a man who presents a danger to the child as soon as the man is released from incarceration. Based on these circumstances, the juvenile court correctly terminated the mother's parental rights.

**AFFIRMED.**

---

[5] "At the present time" means at the time of the termination hearing. *A.M.*, 843 N.W.2d at 111.